UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LU NING,
    *Plaintiff*,

v.

MICHAEL ZYDA, ET AL,
    *Defendants*.

No. 3:23-cv-00395 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Lu Ning ("Ms. Ning" or "Plaintiff") has sued Michael Zyda ("Mr. Zyda") and 411 Productions DTLA, LLC ("411 Productions") (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act (the "ADA"), the Connecticut Fair Employment Practices Act ("CFEPA"), and the California Fair Employment and Housing Act ("CFEHA"). Am. Compl., ECF No. 17 (Nov. 7, 2023) ("Am. Compl.").

Defendants have filed an Answer to Ms. Ning's Amended Complaint, asserting a counterclaim for defamation per se. Answer to Am. Compl., ECF No. 20 (Nov. 28, 2023) ("Answer").

Ms. Ning has filed a motion to dismiss Defendants' counterclaim under Connecticut's anti-SLAPP[1] statute, Connecticut General Statutes § 52-196a. Mot. to Dismiss, ECF No. 21 (Dec. 19, 2023) ("Mot.").

For the following reasons, Ms. Ning's motion to dismiss is **DENIED**.

---

[1] "SLAPP is an acronym for a 'strategic lawsuit against public participation,' which is a suit that is brought primarily to chill the valid exercise of a defendant's right to free speech . . . .'" *Sentementes v. LaMont*, No. 3:21-CV-453 (MPS), 2021 WL 5447125, at *1 (D. Conn. Nov. 22, 2021) (quoting *Ernst v. Carrigan*, 814 F.3d 116, 117 (2d Cir. 2016)).

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

   A. **Factual Allegations**

Ms. Ning allegedly began working for 411 Productions in Los Angeles, California in April of 2016. Am. Compl. ¶¶ 8–9.

Ms. Ning alleges that, during her employment, Mr. Zyda deceived, abused, coerced, threatened, exploited, sexually harassed, and manipulated her. *Id.* ¶ 10. Ms. Ning also alleges that Mr. Zyda took advantage of her immigration status and discriminated against her on the basis of her sex and mental disabilities. *Id.*

In the Fall of 2018, Mr. Zyda allegedly trapped Ms. Ning in his home office for over a year, allegedly causing her injuries. *Id.* ¶ 12. During that time, Ms. Ning also alleges that Mr. Zyda repeatedly sexually harassed her, harassed her because of her disabilities, and failed to pay her an agreed upon salary. *Id.* ¶¶ 12–30.

Around May 1, 2020, Ms. Ning allegedly escaped from Mr. Zyda and began working for Defendants remotely out of New Haven, Connecticut. *Id.* ¶¶ 9, 26.

Ms. Ning alleges that Defendants terminated her because of her sex, race, national origin, and disabilities. *Id.* ¶ 41.

   B. **Procedural History**

On March 30, 2023, Ms. Ning filed her Complaint. Compl., ECF No. 1 (Mar. 30, 2023).

On May 5, 2023, Defendants filed an Answer to Ms. Ning's Complaint. Answer to Compl., ECF No. 12 (May 5, 2023).

On June 27, 2023, the parties filed a joint Rule 26(f) report, and the Court subsequently entered a scheduling order setting the pre-trial deadlines. Rule 26(f) Report, ECF No. 13 (June 27, 2023); Scheduling Order, ECF No. 14 (June 28, 2023).

On November 7, 2023, Ms. Ning filed an Amended Complaint. Am. Compl.

On November 28, 2023, Defendants filed an Answer to Ms. Ning's Amended Complaint. Answer.

On December 19, 2023, Ms. Ning filed a motion to dismiss Defendants' counterclaim. Mot.

On January 9, 2024, Defendants filed a motion in opposition to Ms. Ning's motion to dismiss. Opp'n to Mot. to Dismiss, ECF No. 22 (Jan. 9, 2024) ("Opp'n").

On January 23, 2024, Ms. Ning filed a reply in further support of her motion to dismiss. Reply in Supp. of Mot. to Dismiss, ECF No. 23 (Jan. 23, 2024) ("Reply").

## II.     STANDARD OF REVIEW

"Federal courts sitting in diversity or exercising supplemental jurisdiction apply state substantive law and federal procedural law." *Pop Bar, LLC v. Fellows*, No. 12 CIV. 06647 (TPG), 2013 WL 4446227, at *6 (S.D.N.Y. Aug. 19, 2013). If, however, "a Federal Rule of Civil Procedure answers the same question as a state law, the Federal Rule governs in federal court, unless the rule at issue violates the Rules Enabling Act." *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 431 (S.D.N.Y. 2021) (citing *La Liberte v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398–99 (2010); *Hanna v. Plumer*, 380 U.S. 460, 463–64 (1965)). In other words, "[i]n the event of a conflict between a Federal Rule of Civil Procedure and a provision of state law, the Federal Rule governs unless it is inapplicable or invalid." *Carroll v. Trump*, 590 F. Supp. 3d 575, 582 (S.D.N.Y. 2022) (internal citations omitted).

## III. DISCUSSION

Under Connecticut General Statutes § 52-196a(b), a party may file a special motion to dismiss a complaint, counterclaim, or cross claim based on that "party's exercise of its right of free speech, right to petition the government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern . . . ." Conn. Gen. Stat. § 52-196a(b).

"When ruling on a special motion to dismiss, the court shall consider pleadings and supporting and opposing affidavits of the parties attesting to the facts upon which liability or a defense, as the case may be, is based." *Id*. § 52-196a(e)(2).

> Section 52-196a(e) (3) instructs that "[t]he court shall grant a special motion to dismiss if the moving party makes an initial showing, by a preponderance of the evidence, that the opposing party's complaint, counterclaim or cross claim is based on the moving party's exercise of its right of free speech, right to petition the government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern, unless the party that brought the complaint, counterclaim or cross claim sets forth with particularity the circumstances giving rise to the complaint, counterclaim or cross claim and demonstrates to the court that there is probable cause, considering all valid defenses, that the party will prevail on the merits of the complaint, counterclaim or cross claim."

*Black Rock Gardens, LLC v. Berry*, 312 A.3d 588, 590 (Conn. App. 2024) (citing § 52-196a(e)(2)).

In *La Liberte v. Reid*, 966 F.3d 79 (2020), the United States Court of Appeals for the Second Circuit held that California's anti-SLAPP statute answered the same question as Rules 12 and 56 of the Federal Rule of Civil Procedure, rendering California's special motion to strike inapplicable in this Circuit. *Id*. at 87–88. Subsequently, a court in this District, applying the reasoning in *La Liberte*, held that Connecticut's anti-SLAPP statute "similarly 'answer[s] the

4

same question' as Federal Rules of Civil Procedure 12 and 56" and thus is inapplicable in federal court. *Sentementes v. LaMont*, No. 3:21-CV-453 (MPS), 2021 WL 5447125, at *2 (D. Conn. Nov. 22, 2021).

Ms. Ning argues that Rules 12(b)(6) and 56 do not answer the same question as Connecticut's anti-SLAPP statute because the federal rules do not reflect the substantive right to avoid litigation on the merits as outlined by the Connecticut Supreme Court in *Smith v. Supple*, 293 A.3d 851 (Conn. 2023). Mot. at 4–6.

In response, Defendants argue that Connecticut's anti-SLAPP does not apply in federal court because *Sentementes* is "highly probative of the question herein." Opp'n at 4–6.

The Court agrees.

Connecticut's anti-SLAPP statute would change the procedure set forth in Rule 12 by "requir[ing] a plaintiff to show more than 'that success is . . . merely plausible,' which is all that Rule 12(b)(6) requires." *Sentementes v. LaMont*, No. 3:21-CV-453 (MPS), 2021 WL 5447125, at *2 (D. Conn. Nov. 22, 2021) (citing *La Liberte*, 966 F.3d at 87); *see also id*. at *3 ("In addition, the Connecticut statute conflicts with Rule 56, which permits summary judgment only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" (quoting Fed. R. Civ. P. 56(a)).

And because Rules 12 and 56 do not conflict with the Rules Enabling Act, *see La Liberte*, 966 F.3d at 88 ("We have little difficulty concluding that Rules 12 and 56 comply with the Rules Enabling Act." (internal alteration and quotation marks omitted)), Connecticut's anti-SLAPP statute does not apply to proceedings in federal court.

The Connecticut Supreme Court's ruling in *Smith* does not suggest a different result. Nor could it. As a preliminary matter, the court there focused on "the question of whether a trial

court's denial of a special motion to dismiss can nonetheless constitute an appealable final judgment." *Smith*, 293 A.2d at 859. The court's answer of yes to that question turned on its analysis of its own precedent, *see id.* (noting that, "[i]n *State v. Curcio* . . . we explicated two situations in which a party can appeal an otherwise interlocutory order . . . ."), rather than the factors considered in determining whether a matter is procedural or substantive under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). In any event, as noted above, to the extent that Connecticut's anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure, it cannot be applied to circumvent them. *Cf. La Liberte*, 966 F.3d at 88 ("[F]ederal courts must apply Rules 12 and 56 instead of California's special motion to strike.").

Accordingly, the Court will deny Ms. Ning's motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, Ms. Ning's motion to dismiss is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 12th day of July, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE